FILED
MAR 0 3 2016
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| MARIO SERRANO,<br>*Plaintiff,*<br><br>v.<br><br>GLOBE ENERGY SERVICE, LLC,<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO. MO:15-CV-00170-RAJ |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

BEFORE THE COURT is Defendant Globe Energy Service, LLC's ("Defendant") Motion to Dismiss or Strike Collective Action Allegations and Jury Demand or Alternatively Motion for Partial Summary Judgment and Brief in Support. (Doc. 5). Defendant seeks to enforce a number of contractual limitations on the ability of its former employee, Plaintiff Mario Serrano ("Plaintiff") to assert claims related to his employment under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Defendant's Employee Handbook contains the following two waivers: (1) a provision requiring the employee to litigate any employment dispute before a judge without a jury; and (2) a provision waiving the employee's right to become a member or representative of a collective action. (Doc. 5). Defendant's motion is ripe because it is based on legal questions for which discovery and factual development are not necessary. After due consideration, Defendant's Motion for Partial Summary Judgment is **GRANTED** in part and **DENIED** in part. (Doc. 5). Plaintiff may pursue his individual claims but his allegations of a collective FLSA action shall be **DISMISSED**. In addition, Defendant's Motion to Strike Jury Demand is **DENIED**.

### I.   BACKGROUND

Plaintiff was employed by Defendant as an Operator in Globe Energy Service, LLC's Fishing and Rental Tools Division. (Doc. 1 ¶ 11). On June 17, 2014, Plaintiff signed an acknowledgment of receipt of Defendant's Employee Handbook that included the following waivers:

I agree that with respect to any dispute between Globe Energy Services, LLC . . . and me to resolve any disputes between us arising out of or in any way related to the employment relationship (including, but not limited to, employment and discontinuation of employment) before a judge without a jury.

GLOBE ENERGY SERVICES, LLC . . . AND EACH EMPLOYEE THAT SIGNS THIS ACKNOWLEDGMENT, RECEIVES A COPY OF THIS HANDBOOK, HAS KNOWLEDGE OF THIS POLICY, AND CONTINUES TO WORK FOR THE COMPANY THEREAFTER, HEREBY WAIVES THEIR RIGHT TO TRIAL BY JURY AND AGREE TO HAVE ANY DISPUTES ARISING BETWEEN THEM RESOLVED BY A JUDGE OF A COMPETENT COURT SITTING WITHOUT A JURY.

Each employee and Globe Energy Services, LLC . . . agree to litigate any disputes between them arising out of or in any way related to the employment relationship (including, but not limited to, employment and discontinuation of employment) individually, and neither party will seek to consolidate or obtain class, collective or representative treatment of any claim, whether consolidated as a representative action, class action, or collective action, unless previously agreed to in writing by the parties. . . .

EACH EMPLOYEE THAT RECEIVES A COPY OF THIS HANDBOOK, OR HAS KNOWLEDGE OF THIS POLICY, AND CONTINUES TO WORK FOR GLOBE ENERGY SERVICES, LLC . . . THEREAFTER HEREBY WAIVES AND RELINQUISHES ANY RIGHT TO BECOME, AND PROMISES NOT TO CONSENT TO BECOME A MEMBER OF ANY CLASS, COLLECTIVE OR REPRESENTATIVE ACTION IN A CASE IN WHICH CLAIMS ARE ASSERTED AGAINST GLOBE ENERGY SERVICES, LLC. . . . IF EMPLOYEE IS MADE A MEMBER OF A CLASS, COLLECTIVE OR REPRESENTATIVE ACTION, EMPLOYEE WILL OPT OUT OF THE ACTION AT THE FIRST OPPORTUNITY.

(Doc. 6 at 8–12).

On October 8, 2015, Plaintiff commenced this action by filing his Collective Action Complaint. (Doc. 1). Plaintiff alleges he and other workers like him "were typically scheduled for 12 hour shifts, 7 days a week, for weeks at a time." (*Id.* at ¶ 1). However, "these workers never received overtime for hours worked in excess of 40 in a single work week." (*Id.*). Instead of paying overtime compensation, "Defendant paid their Operators a hybrid base salary and daily rate." (*Id.*). Plaintiff seeks "to recover unpaid overtime wages and other damages" under the FLSA owed to these workers by Defendant. (*Id.*). Accordingly, Plaintiff has pleaded his FLSA claim as a putative

collective action. (*Id.*). Two opt-in plaintiffs, Daniel Ramos and David Warren, have filed their consents to join this collective action lawsuit against Defendant. (Docs. 14, 15).

On November 9, 2015, Defendant filed its Motion to Dismiss or Strike Collective Action Allegations and Jury Demand or Alternatively Motion for Partial Summary Judgment and Brief in Support. (Doc. 5). Defendant's motion seeks dismissal under Rule 12(b)(6) or, in the alternative, summary judgment under Rule 56. (Doc. 5). On November 10, 2015, the Court entered an Order construing Defendant's motion to dismiss as a motion for partial summary judgment under Rule 56 of the Federal Rules of Civil Procedure because "the motion relies in part on matters outside the pleadings[.]" (Doc. 8). On November 24, 2015, Plaintiff filed his Response in Opposition to Defendant's Motion to Strike Collective Action Allegations and Jury Demand. (Doc. 10). On December 1, 2015, Defendant filed its Reply. (Doc. 11).

Because Defendant's briefing relies on documents outside the pleadings, such as an Employee Handbook, the Court will review the motion under the summary judgment standard. Fed. R. Civ. P. 56. Although summary judgment typically occurs at a later stage in the case, the issues presented in Defendant's motion amount to legal questions on which further factual development is not necessary. (Doc. 10). Accordingly, pursuant to Local Rule CV–7(h), the Court finds this matter suitable for disposition without a hearing.

## II. LEGAL STANDARD

Summary judgment is required "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quoting *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (per curiam)). A dispute about a material fact is genuine only "if the evidence is such that a reasonable

jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). An issue is material if its resolution could affect the outcome of the action. *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

In deciding whether a genuine and material fact issue has been created, the Court reviews the facts and the inferences to be drawn therefrom in the light most favorable to the non-moving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the non-moving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (internal quotation marks and citations omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

### III. ANALYSIS

The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207. An employer who violates this provision is liable for the unpaid overtime compensation, as well as liquidated damages. *Id.* at § 216(b). In addition, an action to

recover damages "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." *Id.* However, an employee may not be a party plaintiff in a collective action unless he consents in writing. *Id.*

Defendant has filed an Appendix to its motion for partial summary judgment, which includes an affidavit, excerpts from Defendant's Employee Handbook, and an Acknowledgment of Mutual Waiver of Jury Trial and Mutual Waiver of Class/Collective Action purportedly signed by Plaintiff. (Doc. 6). For the reasons that follow, the Court finds that the collective action waiver is valid and enforceable. Accordingly, Plaintiff's collective action allegations shall be dismissed. However, Defendant has failed to meet its burden to show that Plaintiff knowingly and voluntarily waived his constitutional right to a trial by jury. Therefore, Defendant's request to strike Plaintiff's jury demand shall be denied.

A.  **Collective Action Waiver**

First, Defendant contends that the right to litigate collectively under the FLSA is a procedural right subject to waiver. (Doc. 5 at 4). The following language contained in Defendant's Employee Handbook limits Plaintiff's right to bring a collective action under the FLSA:

> Each employee and Globe Energy Services, LLC . . . agree to litigate any disputes between them arising out of or in any way related to the employment relationship . . . individually, and neither party will seek to consolidate or obtain class, collective or representative treatment of any claim, whether consolidated as a representative action, class action, or collective action, unless previously agreed to in writing by the parties.

(Doc. 6 at 9). Further, the waiver of the right to participate in a collective action is conspicuous, as it is contained in bold print on the same page of the employment agreement signed by Plaintiff:

> **EACH EMPLOYEE THAT RECEIVES A COPY OF THIS HANDBOOK, OR HAS KNOWLEDGE OF THIS POLICY, AND CONTINUES TO WORK FOR GLOBE ENERGY SERVICES, LLC . . . THEREAFTER HEREBY WAIVES AND RELINQUISHES ANY RIGHT TO BECOME, AND PROMISES NOT TO CONSENT TO BECOME A MEMBER OF ANY CLASS, COLLECTIVE OR REPRESENTATIVE ACTION IN A CASE IN WHICH CLAIMS ARE ASSERTED AGAINST GLOBE ENERGY SERVICES, LLC.**

(*Id.* at 12). Because Plaintiff seeks to represent opt-in plaintiffs collectively, his FLSA claims fall within the scope of this collective action waiver.

1. **Enforceability of Collective Action Waiver**

Next, the Court must determine whether the collective action waiver is legally enforceable. The Supreme Court of the United States has enforced waivers of a plaintiff's right to proceed collectively. *See Am. Express Co. v. Italian Colors Rest.*, — U.S. —, 133 S.Ct. 2304, 2310 (2013); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 32 (1991). Moreover, the United States Court of Appeals for the Fifth Circuit has rejected the argument that the "inability to proceed collectively deprives [a plaintiff] of substantive rights under the FLSA." *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 298 (5th Cir. 2004). Thus, the right to bring FLSA claims as a collective action is a procedural, rather than substantive, right. *D.R. Horton v. N.L.R.B.*, 737 F.3d 344, 357 (5th Cir. 2013) ("The use of class action procedures though, is not a substantive right.").

In support of his claim that the collective action waiver signed by Plaintiff is unenforceable, Plaintiff cites *Killion v. KeHE Distributors, LLC*, wherein the United States Court of Appeals for the Sixth Circuit held "a plaintiff's right to participate in a collective action cannot normally be waived." 761 F.3d 574, 590 (6th Cir. 2014). In *Killion*, the Sixth Circuit relied on its previous ruling in *Boaz v. FedEx Customer Information Services, Inc.* that "[a]n employment agreement cannot be utilized to deprive employees of their statutory [FLSA] rights." 725 F.3d 603, 606 (6th Cir. 2013) (alteration in original). According to the Sixth Circuit in *Boaz*, "the Supreme Court expressed concern that an employer could circumvent the [FLSA's] requirements . . . by having its employees waive their rights . . . to minimum wages, overtime, or liquidated damages." *Id.* at 605–06 (citing *Brooklyn Savs, Bank v. O'Neil*, 324 U.S. 697, 706–10 (1945)).

The Sixth Circuit in *Killion* found no reason to treat the right to collective action any differently than the right to sue within the full time period allowed under the FLSA, which was the issue addressed in *Boaz*. 761 F.3d at 591. Further, the Sixth Circuit in *Killion* noted that "the

6

considerations change when an arbitration clause is involved" because of the countervailing federal policy in favor of arbitration under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq. Id.* When the employment agreement does not contain a mandatory arbitration clause, the Sixth Circuit determined "no countervailing policy that outweighs the policy articulated in the FLSA." *Id.* at 592. Thus, the Sixth Circuit held that the collective action waiver in *Killion* was invalid. *Id.*

Because authorities holding that the right to collective action is waivable are more persuasive, this Court declines to follow the holding in *Killion*. As an initial matter, the Supreme Court in *Brooklyn Savings Bank*, which the Sixth Circuit cited in *Killion*, found that "the legislative history of the [FLSA] shows an intent on the part of Congress to protect certain groups of the population from substandard wages and excessive hours" and "[t]o accomplish this purpose standards of minimum wages and maximum hours were provided." 324 U.S. at 707. The Supreme Court explained "[n]o one can doubt but that to allow waiver of statutory wages by agreement would nullify the purposes of the [FLSA]." *Id.* As such, the Supreme Court held that "the same policy considerations which forbid waiver of basic minimum and overtime wages under the [FLSA] also prohibit waiver of the employee's right to liquidated damages." *Id.*

The holding in *Brooklyn Savings Bank* applies when employees waive their rights to the protections afforded in the FLSA, specifically the rights to overtime wages, minimum wages, and liquidated damages. *Id.* This Court does not interpret the holding in *Brooklyn Savings Bank* as broadly prohibiting an employee from waiving any procedural right under the FLSA, such as a waiver of the right to participate in collective action litigation. Rather, the Court finds *Carter v. Countrywide Credit Industries, Inc.*, in which the Fifth Circuit held that the right to proceed collectively in an FLSA action does not implicate substantive rights, dispositive on the enforceability of a collective action waiver. 362 F.3d at 301.

In *Carter*, the Fifth Circuit analyzed the validity of a collective action waiver in the context of an arbitration clause and rejected the argument that a plaintiff's "inability to proceed collectively

deprives [the plaintiff] of substantive rights available under the FLSA." *Id.* at 298. Accordingly, the FLSA does not provide for a non-waivable, substantive right to bring a collective action. *Id.* Even though the employment agreement in *Carter* contained an arbitration clause, the Court concludes that the Fifth Circuit's findings as to the rights afforded in the FLSA and the validity of collective action waivers apply to this case.

Because the FLSA contains no explicit provision that prohibits waiving an employee's procedural right to bring suit collectively, the Court determines that a collective action waiver is enforceable.[1] Finally, the Court notes that other district courts in cases with facts similar to the instant case have ruled that, although employees cannot waive the right to overtime pay, the FLSA does not prohibit contractual waiver of the procedural right to join a collective action. *Feamster v. Compucom Sys., Inc.*, No. 7:15-CV-00564, 2016 WL 722190, at *4 (W.D. Va. Feb. 19, 2016) (unpublished); *Mazurkiewicz v. Clayton Homes, Inc.*, 971 F. Supp. 2d 682, 684–85 (S.D. Tex. 2013); *Copello v. Boehringer Ingelheim Pharm. Inc.*, 812 F. Supp. 2d 886, 894 (N.D. Ill. 2011). The Court joins with these courts in concluding as a matter of law that employees may waive their ability to participate in collective action litigation, as long as the individual employees retain the individual capacity to vindicate their rights.

2.  **National Labor Relations Act**

Plaintiff also argues that the collective action waiver violates the National Labor Relations Act ("NLRA"). (Doc. 10). Plaintiff cites *D.R. Horton, Incorporated v. National Labor Relations Board*, 737 F.3d 344, 357 (5th Cir. 2013), for the proposition that "collective and class claims, whether in lawsuits or in arbitration, are protected by Section 7 [of the NLRA]." (*Id.* at 10).

---

[1] *See Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1334 (11th Cir. 2014) (holding that "[a]fter examining the FLSA's text, legislative history, [and] purposes," there was "no contrary congressional command that precludes the enforcement of plaintiffs' . . . collective action waivers."); *Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1052–53 (8th Cir. 2013) (holding that "[e]ven assuming Congress intended to create some right to class actions, if an employee must affirmatively opt in to any such class action, surely the employee has the power to waive participation in a class action as well.").

However, Plaintiff misconstrues the Fifth Circuit's holding in *D.R. Horton*. Notably, the portion of the *D.R. Horton* opinion quoted by Plaintiff was the court's characterization of the National Labor Relations "Board's analysis." 737 F.3d at 357. The Fifth Circuit then explained that the NLRA was not the only relevant authority and case law pointed "in a different direction than the course taken by the Board." *Id.*

In *D.R. Horton*, the National Labor Relations Board ("NLRB") interpreted the NLRA as prohibiting class-action waivers. *Id.* at 359. However, the Fifth Circuit rejected the reasoning of the National Labor Relations Board because under the FLSA "a substantive right to proceed collectively has been foreclosed by prior decisions." *Id.* at 361 (citing *Gilmer*, 500 U.S. at 33; *Carter*, 362 F.3d at 298). The Fifth Circuit noted that no decision prior to the Board's ruling in *D.R. Horton* had held that the Section 7 right to engage in "concerted activities" prohibited class action waivers. *Id.* at 356. In addition, the Fifth Circuit explained that every circuit to consider this issue "either suggested or expressly stated that they would not defer to the NLRB's rationale," and held that the class waivers were enforceable. *Id.* at 362 (citing *Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 297–98 n. 8 (2d Cir. 2013); *Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1055 (8th Cir. 2013)).

According to the Fifth Circuit in *D.R. Horton*, the "use of class action procedures . . . is not a substantive right." *Id.* Rather, the Fifth Circuit labeled a class action a "procedural device." *Id.* Moreover, the cases relied on by the Fifth Circuit are not limited to the arbitration context. *Id.* (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 612–13 (1997); *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 332 (1980) ("[T]he right of a litigant to employ Rule 23 is a procedural right only, ancillary to the litigation of substantive claims.")). Further, the Fifth Circuit determined "there are numerous decisions holding that there is no right to use class procedures under various employment-related statutory frameworks." *Id.* "For example, the Supreme Court has determined that there is no substantive right to class procedures under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), despite the statute providing for class procedures." *Id.* (citing *Gilmer*, 500

9

U.S. at 32). "Similarly, numerous courts have held that there is no substantive right to proceed collectively under the FLSA." *Id.* (citing *Carter*, 362 F.3d at 298; *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 506 (4th Cir. 2002); *Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319–20 (9th Cir. 1996)).

The Court finds that the Fifth Circuit's holding in *D.R. Horton* supports the conclusion that collective action waivers in FLSA cases are enforceable and do not violate the NLRA. *Id.* In sum, the Court believes that the text, legislative history, and purpose of the FLSA do not establish an unwaivable right for employees to proceed through collective action. As such, the contractual limitation on Plaintiff's ability to serve as a representative party in a collective action for others similarly situated does not affect Plaintiff's substantive rights. Therefore, the Court will enforce the waiver of Plaintiff's procedural right to seek "collective or representative treatment of any claim," and dismiss the collective action allegations. (Doc. 6 at 9).

3. **Status of Opt-In Plaintiffs**

With regard to the two opt-in plaintiffs who have filed written consents to join this FLSA case, the Court shall grant Plaintiff leave to amend the Complaint under Rule 15(a) to add Daniel Ramos and David Warren as named party plaintiffs. *See Prickett v. Dekalb Cnty.*, 349 F.3d 1294, 1297 (11th Cir. 2003) (opining about the express intent of Congress in 29 U.S.C. § 216(b): "The statute does not indicate that opt-in plaintiffs have a lesser status than named plaintiffs[.]"); *Palmer v. Priority Healthcare, Inc.*, No. 3:14-CV-480-TSL-JMR, 2013 WL 5771662, at *3 (same: "Collective-action certification is not necessary for multiple plaintiffs to jointly maintain an FLSA action."); *Alvarado v. Wang Ma LLC*, No. SA:13-CV-944-DAE, 2015 WL 919818, at *2 (W.D. Tex. Mar. 3, 2015) (finding "an amendment is not absolutely necessary," but granting Plaintiff's unopposed motion for leave to amend to add named plaintiffs). Given its remedial purposes, courts generally "construe the FLSA liberally in favor of employees." *McGavock v. City of Water Valley, Miss.*, 452 F.3d 423, 425 (5th Cir. 2006). Accordingly, this Court permits Daniel Ramos and David Warren to remain in this FLSA case as individual party plaintiffs.

B.      **Right to Jury Trial**

Defendant argues that Plaintiff also waived his right to a jury trial. (Doc. 5 at 8). In the instant case, Plaintiff acknowledged receipt of Defendant's Employee Handbook, which contained the following jury trial waiver: "I agree that with respect to any dispute between Globe Energy Services, LLC . . . and me to resolve any disputes between us arising out of or in any way related to the employment relationship . . . before a judge without a jury." (Doc. 6 at 8). Further, Plaintiff and Defendant agreed to "**HAVE ANY DISPUTES ARISING BETWEEN THEM RESOLVED BY A JUDGE OF A COMPETENT COURT SITTING WITHOUT A JURY.**" (*Id.*). Based on this language, Defendant now seeks to strike Plaintiff's jury demand. (Doc. 5).

The Court applies federal law to determine whether the jury trial waiver is valid. *RDO Fin. Servs. Co. v. Powell*, 191 F. Supp. 2d 811, 812 (N.D. Tex. 2002). Although the right of trial by jury in civil actions is protected by the Seventh Amendment to the Constitution, that right, like other constitutional rights, may be waived by prior written agreement of the parties. *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 848 (1986). Waivers of constitutional rights must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences. *Brady v. United States*, 397 U.S. 742, 748 (1970).

The factors the Court must consider in determining whether the waiver was knowing and voluntary are (1) whether there was a gross disparity in bargaining power between the parties; (2) the business or professional experience of the party opposing the waiver; (3) whether the opposing party had an opportunity to negotiate contract terms; (4) whether the clause containing the waiver was inconspicuous; and (5) whether the opposing party was represented by counsel. *RDO*, 191 F. Supp. 2d at 813. Furthermore, courts will indulge every reasonable presumption against a waiver of the right to a jury trial. *Jennings v. McCormick*, 154 F.3d 542, 545 (5th Cir. 1998) (citing *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937)).

There is a circuit split on the issue of which party bears the burden of proving that the waiver was knowing and voluntary. While the Fifth Circuit has never expressly decided the issue, district courts within the Fifth Circuit have held that the burden falls on the party seeking enforcement of the waiver. *See RDO*, 191 F. Supp. 2d at 813. Additionally, the majority of federal courts have held that the party seeking enforcement of an express waiver has the burden of showing that the consent of the party making the waiver was knowing, voluntary, and intelligent.[2] The Court finds these cases persuasive and determines that Defendant has the burden of showing that Plaintiff knowingly and voluntarily waived the right to a jury trial.

Defendant does not argue that the jury trial waiver was knowing and voluntary. (Doc. 5). Rather, Defendant asserts only that the waiver was a conspicuous provision included within the Employee Handbook. (*Id.*). The jury selection waiver is in bold type and mostly set forth in capital letters. (Doc. 6 at 6–9). The waiver is also preceded by the subheading "Mutual Waiver of Jury Trial" on page five (5) of the Employee Handbook. (*Id.* at 6). However, no employee signature is required until almost eighty pages later. (*Id.* at 11–12). Although the jury trial waiver is repeated on page 80 of the Employee Handbook, this provision is set in small, regular type. (*Id.* at 8). Again, the jury trial waiver appears in bold, capital letters on page 81 of the Employee Handbook. Yet, this provision is sandwiched in between the collective action waiver provisions. (*Id.* at 9). Moreover, the employee signature is not required until page 83, and the only provision repeated on the page signed by Plaintiff is the collective action waiver. (*Id.* at 11–12). Thus, the Court cannot conclude that the jury trial waiver language is conspicuously placed within the Employee Handbook.

Further, there is no evidence Plaintiff had the ability to negotiate the terms of the Employee Handbook or even that Plaintiff was aware of the jury waiver provision. Defendant also fails to explain how the relative bargaining positions of the Parties in their respective roles as employer and

---

[2] *See Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988); *Leasing Serv. Corp. v. Crane*, 804 F.2d 828, 833 (4th Cir. 2009); *Nat'l Equip. Rental, Ltd. v. Hendrix*, 565 F.2d 255, 258 (2d Cir. 1977) (party seeking enforcement of jury waiver bears the burden of demonstrating waiver was knowing and voluntary).

employee are not so disparate to render the jury trial waiver unenforceable. There is no evidence that Plaintiff was represented by counsel when he agreed to waive his right to trial by jury. There is no evidence that Plaintiff's background prepared him to understand the significance of the jury trial waiver. Lastly, there is no evidence that Plaintiff could have found alternative employment with a company that did not require a jury trial waiver. Since courts will indulge every reasonable presumption against a waiver of a litigant's fundamental constitutional right to a jury, the Court finds that Defendant has not met its burden to show that the jury trial waiver was entered into knowingly and voluntarily. *Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 78 (1998); *RDO*, 191 F. Supp. 2d at 814. As such, the Court concludes the jury trial waiver shall not be enforced.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Partial Summary Judgment is hereby **GRANTED** in part and **DENIED** in part. (Doc. 5).

It is therefore **ORDERED** that Plaintiff's individual claims may proceed but the FLSA collective allegations are **DISMISSED**.

It is further **ORDERED** that Defendant's Motion to Strike Jury Demand is **DENIED**.

It is finally **ORDERED** that Plaintiff is granted leave to amend his Complaint to add opt-in plaintiffs Daniel Ramos and David Warren as named individual party plaintiffs in this action. Plaintiff must file his Amended Complaint on or before **April 1, 2016**.

It is so **ORDERED**.

SIGNED this 3rd day of March, 2016.

ROBERT A. JUNELL
Senior United States District Judge